IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **BRANDON DOUGLAS CAMPBELL,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. CIV 24-380-RAW-JAR |
| ) | |
| **CHOCTAW NATION** ) | |
| **DISTRICT COURT, et al.,** ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Plaintiff Brandon Douglas Campbell is a pretrial detainee who is incarcerated at the Choctaw County Jail in Hugo, Oklahoma. He filed this civil rights action pursuant to 42 U.S.C. § 1983, challenging his ongoing criminal proceedings before the Choctaw Nation District Court and requesting his immediate release from custody. He names the Choctaw Nation District Court and seven individuals as defendants.

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff's complaint must be broadly construed under this standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The generous construction given to the pro se litigant's allegations, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various

mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." *Id*. The Court, however, "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

Plaintiff alleges he was unlawfully arrested and then prosecuted by the tribal prosecutor who does not have a required tribal bar licence. (Dkt. 1 at 6). He also claims he was denied his due process rights when there was a defective notice of hearing and false information from the tribal court. *Id.* Plaintiff asserts that on February 14, 2024, an Order and Judgment of Forfeiture of Bonds was issued for his failure to appear on that date, however, the actual date he was supposed to appear was March 13, 2024. *Id*. at 7. On February 20, 2024, the tribal court allegedly increased his bond for failure to appear. *Id.* Plaintiff asserts he has remained in custody, even though he has produced documents proving that a mistake was made. *Id*. at 8. Finally, Plaintiff alleges that his attempts to seek relief through jail requests and grievances have not been answered or investigated. *Id.*

Because Plaintiff is raising issues related to his criminal prosecution, the Court finds this civil rights complaint is not the proper vehicle to pursue his claims. Instead, Plaintiff's claims must be presented in a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *See Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007) ("[A] a state court defendant attacking his pretrial detention should bring a habeas petition pursuant to the general grant of habeas authority contained within 28 U.S.C. § 2241.") (citations omitted). Therefore, Plaintiff's civil rights complaint (Dkt. 1) is dismissed without prejudice, and Plaintiff may present his claims in a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, after exhaustion of remedies as required by 28 U.S.C. §

2254(b).

**ACCORDINGLY,**

1.	Plaintiff's civil rights complaint pursuant to 42 U.S.C. § 1983 (Dkt. 1) is dismissed without prejudice.

2.	Plaintiff motion for leave to proceed *in forma pauperis* (Dkt. 2) is denied as moot.

3.	The Court Clerk is directed to send Plaintiff the form for filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and the form for filing a motion for leave to proceed *in forma pauperis*.

**IT IS SO ORDERED** this 15th day of October 2024.

_____
HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE